*(December 23, 1986)*

■ SHIRLEY BROWN, Appellant, v MELVIN NEMBHARD, SR., Respondent.—In a proceeding, *inter alia,* to modify a provision of a divorce judgment prohibiting the petitioner from moving her residence "more than 50 miles from Staten Island", the petitioner appeals, as limited by her brief, from so much of an order of the Family Court, Richmond County (Leddy, J.), dated November 13, 1985, as, after a hearing, denied the application.

Ordered that the appeal is held in abeyance pending a determination by the Family Court, Richmond County, of the presently pending application by the respondent to transfer legal custody of the infant Melvin, Jr., from the petitioner to the respondent. The hearing on the respondent's pending application to transfer legal custody, which is presently scheduled for February 10, 1987, is hereby advanced to January 5, 1987 before the Family Court, Richmond County. The Family Court is directed to notify the parties and their attorneys of the advanced date of said hearing.

Pursuant to a judgment of divorce dated September 12, 1983, the petitioner mother obtained legal custody of the infant issue of the marriage, Melvin, Jr. The judgment of divorce provided for visitation by the respondent father and also provided that the petitioner was not to move her residence "more than 50 miles from Staten island".

The instant proceeding was commenced by the petitioner seeking an order modifying the residence requirement contained in the divorce judgment and permitting her and her new spouse to move to Georgia. After a hearing, the Family Court denied the petitioner's application on the ground that she had not demonstrated "exceptional circumstances" which would allow her to be relieved of the residency requirement of the divorce judgment. The instant appeal ensued.

In papers submitted to this court by the petitioner in support of a motion for a preference in the hearing of the instant appeal, it was brought to this court's attention that the Family Court, by order dated October 21, 1986, had transferred custody of the child from the petitioner to the respondent. This court has also been advised that on October 22, 1986, the Family Court amended its order dated October 21, 1986 so as to only temporarily transfer custody from the petitioner to the respondent. In addition, a hearing on the issue of the transfer of custody, first scheduled for October 21, 1986, was adjourned to December 11, 1986, and was again adjourned on that date, when none of the parties or their attorneys appeared, due to lack of notification by the Family Court, to February 10, 1987.

Since the issue of transfer of custody of the infant issue of the marriage is presently pending before the Family Court, we deem it advisable to hold the instant appeal in abeyance pending a determination of that issue. Moreover, in order to expedite a resolution of the custody issue, we have advanced the date of the custody hearing from February 10, 1987 to

January 5, 1987, and have directed the Family Court to ensure that all parties and their attorneys receive proper notice of the new hearing date. Mangano, J. P., Kunzeman, Kooper and Spatt, JJ., concur.